IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE E. DIEMER, ) | |
| ) | Case No. 05 C 7179 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| FRATERNAL ORDER OF POLICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Julie E. Diemer ("Plaintiff") filed suit against defendant Fraternal Order of Police Chicago Lodge 7 ("Defendant") alleging that Defendant fired her due to her pregnancy and her gender in violation of Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Disability Act ("PDA") and the Civil Rights Act of 1991, 42 U.S.C. §2000(e) et seq. Count II of her Complaint alleges intentional infliction of emotional distress ("IIED") in violation of Illinois state law. Defendant moved to dismiss Count II of the Complaint alleging that the pendant state court claim of IIED is preempted by the Illinois Human Rights Act ("IHRA") and that Plaintiff has failed to allege facts that state a claim for IIED. The Court finds that course of conduct alleged by Plaintiff in Count II of the Complaint is inextricably linked to the civil rights claim and is therefore preempted by the IHRA. Further, the Court finds that, even if the IHRA did not preempt the claim, the Plaintiff has not alleged facts that establish extreme and outrageous conduct. Count II of the Complaint is therefore dismissed for the following reasons.

1

Factual Background

This Court will not dismiss a claim for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). As it is required to do, the Court therefore takes all allegations in the complaint as true, and draws all reasonable inferences in the light most favorable to the plaintiff. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1117 (7th Cir. 1995). The following facts, therefore, have been taken from the Plaintiff's Complaint.

Plaintiff was hired by the Defendant as the sole female staff attorney in July 2003. Cpt at ¶6. In September of 2004, Plaintiff's job performance was reviewed and she was given a pay increase for her performance. *Id.* at ¶8. Although she had learned that she was pregnant in July 2004, she had not disclosed that information to her employer at the time of her performance review. *Id.* at ¶7. Immediately after her performance review, she announced to Defendant that she was pregnant and that she was taking off twelve weeks of work pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. *Id.* at ¶9. Shortly after making this announcement, Plaintiff began to be treated differently by Defendant, specifically "inappropriate and unlawful comments" were made to her about her condition. *Id.* at ¶10. On November 2, 2004, Defendant terminated Plaintiff one week before her first mortgage was due on a new home that she had just purchased. *Id.* at ¶11. Shortly thereafter, Plaintiff alleges that Defendant hired a less qualified male staff attorney to replace her. *Id.* at ¶12.

Based on this conduct, Plaintiff alleges in Count I that Defendant has violated her civil rights in firing her when she was pregnant. She also alleges in Count II of her Complaint that Defendant inflicted extreme emotional distress on her on the day that she was terminated because Defendant

knew that she was five months pregnant and that other employers are unwilling to hire pregnant women, that she had just purchased a home and had a mortgage payment due, and that she was required to move her belongings out of the office by the next morning in spite of her inability to move heavy items due to her pregnancy. *Id.* at ¶19. This conduct, she alleges went "beyond all possible bounds of decency." *Id.* at ¶8

<u>Illinois Human Rights Act Preemption</u>

Defendant moves to dismiss Count II claiming that the IHRA preempts Plaintiff's claim. The IHRA divests courts of jurisdiction over "the subject of an alleged civil rights violation other than set forth in [the] Act." 775 Ill. Comp. Stat. 5/8-111(C). Gender discrimination is included within the statute's definition of "civil rights violation." 775 Ill. Comp. Stat. 5/2-102(A); 103(Q). The IHRA deprives courts of jurisdiction over claims that constitute civil rights violations and over any other claim that is "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Makdimovic v. Tsogalis,* 177 Ill.2d 511, 687 N.E.2d 21, 23 (Ill. 1997). The Seventh Circuit further has interpreted Illinois law to mean that state law tort claims that depend on or are inextricably linked to civil rights violations are preempted by the IHRA. *See, e.g. Krocka v. City of Chicago*, 203 F.3d 507 (7th Cir. 2000); *Garcia v. Village of Mount Prospect*, 360 F.3d 630 (7th Cir. 2004).

Plaintiff alleges in Count II that the actions that Defendant took on the day that she was fired, specifically, that they chose to fire her when she was pregnant, when she had a new mortgage to pay, and when she would be required to remove her belongings while being pregnant constitute intentional infliction of emotional distress. Those allegations are merely the details of her first claim in Count I that she was discriminated against due to her gender and pregnancy. Without the gender

3

and pregnancy discrimination claim in Count I, Plaintiff would not be claiming that she was treated in the manner that she alleges in Count II. Without that claim, her allegations in Count II would not be actionable. *See accord Packard v. TCF National Bank*, 2005 U.S. Dist. LEXIS 11744 (N.D. Ill May 31, 2005)(Alleged sham investigation into Plaintiff's termination inextricably linked to civil rights claim is preempted by IHRA); *Coambes v. Smurfit-Stone Container Corp.*, 2004 U.S. Dist. LEXIS 25877 (N.D. Ill December 23, 2004)(Pressure placed on senior sales staff over age 50 inextricably linked to age discrimination claim is preempted by IHRA). Therefore, Plaintiff's claim in Count II is inextricably linked to the civil rights claim and is preempted by IHRA.

## Intentional Infliction of Emotional Distress

Even if this Court were to have found that the claim is not preempted, Plaintiff must still plead facts that Defendant's conduct was extreme and outrageous and that Defendant intended to cause her to suffer extreme emotional distress and that she in fact suffered such emotional distress. *See McGrath v. Fahey*, 126 Ill.2d 78, 86, 533 N.E.2d 806 (1998).

To establish extreme and outrageous conduct, the plaintiff must allege more than "mere insult, indignities, threats, annoyances, petty oppression or trivialities." *Adan v. Solo Cup, Inc.,* 2001 U.S. Dist. LEXIS 12726, *10 (Aug. 17, 2001) (citing *Pub. Fin. Corp. v. Davis,* 66 Ill.2d 85, 89, 4 Ill.Dec. 652, 360 N.E.2d 765 (1997). "Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* (quoting *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 21, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992)). Behavior that would not normally be considered outrageous may become actionable if the defendant knows that the plaintiff is particularly susceptible. *McGrath,* 126 Ill.2d at 89-90.

In the allegations set forth in Count II, however, Plaintiff cites to basic actions that every employer must make in discharging an employee, such as requiring the employee to clear out his belongings from the workplace, and then concludes that those actions were done "in a punitive manner to maximize emotional distress." Even with liberal pleading standards, Plaintiff has failed to allege facts that support her conclusion. Plaintiffs conclusions do not alter the bare facts which set forth a routine employment issue. *See Graham v. Commonwealth Edison Co.*, 318 Ill. App. 3d 736, 746, 742 N.E.2d 858 (Ill. App. 2000) *citing Vickers v. Abbott Laboratories*, 308 Ill.App.3d 393, 410, 241 Ill.Dec. 698, 719 N.E.2d 1101 (1999)(If daily stresses from routine employment issues are actionable, "nearly every employee would have a cause of action."). Alleging the outrageous conduct conclusions but not facts that inform how a routine office practice of clearing out one's personal belongings from the workplace upon discharge from employment are factually insufficient to claim that an employer's actions are extreme and outrageous. *See Packard* at \*4 (Plaintiff's allegations that employer originally told him that he was fired and then later that he resigned insufficient to claim intentional infliction of emotional distress).

*Conclusion*

Based on the foregoing, Defendants' motion to dismiss Count II is granted with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated: March 28, 2006